IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 02 CR 1099 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| HENRY C. RENKEN ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Henry C. Renken was convicted after a jury trial of bank robbery and use of a dangerous weapon in connection with the commission of said offense, in violation of 18 U.S.C. §§ 924(c)(1)(A), 2113(a) & (d). Defendant's motion for judgment of acquittal and, in the alternative, a new trial is currently before this court.

For the reasons discussed below, Defendant's motion is denied.

## I. BACKGROUND[1]

Henry C. Renken proceeded to a jury trial on a two-count indictment charging him with one count of bank robbery, 18 U.S.C. § 2113(a) and (d), and one count of use of a firearm in relation to a crime of violence, 18 U.S.C. § 92(c)(1)(A). After a trial that lasted approximately one week, a jury found the defendant guilty on both counts. Prior to and during the course of the trial, the defendant made written and oral motions for suppression of physical and testimonial

---

[1] The facts of this case have been set forth extensively in prior opinions and this Court will assume familiarity therewith.

evidence, for a judgment of acquittal and for a mistrial, all of which were denied by this Court. Defendant now renews his motion for acquittal and a new trial, asserting that this Court erred in its denial of Defendant's suppression motion and in denying Defendants prior motions for acquittal and mistrial.

## II. ANALYSIS

### A. Motion for Acquittal

In his motion for judgment of acquittal, filed pursuant to Federal Rule of Criminal Procedure 29(c), Mr. Renken maintained, in rather telegraphic fashion, that the government failed to prove beyond a reasonable doubt that he committed the crimes of bank robbery and use of a firearm during a crime of violence.

#### 1. Standard

Under Federal Rule of Criminal Procedure 29(c), a defendant may move for a judgment of acquittal or renew such a motion after the jury has been discharged but within either seven days or such period as the court has set during that seven-day period. Fed. R. Crim. P. 29(c). The court is to direct acquittal "if the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). This determination is based on a finding that the relevant evidence, viewed in the light most favorable to the Government, was sufficient to support a reasonable jury's conclusion of guilt beyond a reasonable doubt. *American Tobacco Co. v. U.S.*, 328 U.S. 7871, 787 n.4 (1946); *United States v. Reed*, 875 F.2d 107, 111 (7th Cir. 1989). In essence, the court must deny a motion for judgment of acquittal unless the court, viewing the evidence in the light most favorable to the government, finds that no rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *United States v. Eberhart*, 388 F.3d 1043, 1052 (7th Cir. 2004).

## 2. Analysis

Applying this standard to Mr. Renken's case, this Court notes that the government presented a substantial case of circumstantial evidence. Over the course of the trial, the government presented evidence that the defendant fit the physical description of the robber given by eyewitnesses; that clothes seized in the defendant's home were substantially similar to those worn by the robber as viewed on the bank's surveillance videotape; that the defendant's wife's Chevrolet Blazer, with the defendant's wallet, containing his driver's license and credit cards, inside, was found in very close proximity to items related to the robbery; that the bicycle believed to be the defendant's mode getaway of getaway transportation was identical to that of the defendant's son and that the bicycle was found discarded near the defendant's wife's sport-utility vehicle. In addition, the government presented evidence from the defendant's credit card issuer that one day before the robbery, the defendant had purchased a pair of black gloves identical to gloves found with the stolen cash and with the .22 caliber Ruger revolver believed to be used in the robbery.

This Court finds this was sufficient evidence from which a reasonable jury could conclude that Mr. Renken committed the crimes with which he was charged. Defendant's motion for judgment of acquittal is denied.

### B. Motion for New Trial

Federal Rule of Criminal Procedure 33 provides, in relevant part, that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Mr. Renken asserts that this Court should grant him a new trial because it erred in denying defendant's motion to suppress evidence; erred in allowing one government witness to testify as

an expert; erred in denying defendant's motion for mistrial during the testimony of defendant's ex-wife; and erred in denying defendant's Rule 29 motion for judgment of acquittal at the close of the government's evidence. The government disagrees, contending that the verdict was not against the manifest weight of the evidence.

### 1. Standard

The remedy of a new trial is unusual. The Seventh Circuit has stated that, in order for a court to grant a Rule 33 motion for a new trial, "the evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989) (citation omitted). When, as here, a defendant requests a new trial based on insufficiency of evidence, the Court should grant the motion "only if the verdict is against the manifest weight of the evidence." *United States v. Alanis*, 265 F.3d 576, 591 (7th Cir. 2001) (quoting *Tullis v. Townley Eng'g & Mfg. Co.*, 243 F.3d 1058, 1062 (7th Cir. 2001)).

### 2. Analysis

Mr. Renken raises several grounds for his motion for a new trial, which are addressed in turn below. All fail to establish that it would be a miscarriage of justice to let the jury's guilty verdict stand.

#### a. Denial of Suppression of Physical Evidence

Prior to trial, Defendant filed a motion seeking to suppress evidence seized during the search of his house and sport-utility vehicle. This Court held an evidentiary hearing on this issue. This Court then ruled that the search did not violate the Fourth Amendment because it was by consent, albeit implied consent. In addition, pursuant to *United States v. Patane*, 124 S. Ct. 2620

(2004), this Court concluded that the fruit of the poisonous tree doctrine did not require suppression of the physical fruits of the defendant's unwarned but voluntary statements. *See United States v. Renken*, No. 02 CR 1099, 2004 WL 2418293 (N.D. Ill. Oct. 27, 2004); *see also United States v. Renken*, No. 02 CR 1099, 2004 WL 2005833 (N.D. Ill. Aug. 26, 2004); *United States v. Renken*, No. 02 CR 1099, 2004 WL 557364 (N.D. Ill. Mar. 22, 2004). Defendant has offered no additional basis for disturbing this ruling and this Court finds no reason to do so.

### b. Admission of Testimony by Witness as Expert

In support of his motion for a new trial, Defendant contends that this Court erred by permitting Bannockburn Police Chief Kevin Tracz to testify as an expert regarding the search that he conducted with his police bloodhound, Daisy Mae. In support of this assertion, Defendant notes that Chief Tracz admitted he was not an expert dog handler or a dog trainer. The government contends that this Court correctly decided, at the conclusion of an evidentiary hearing on this issue, that Chief Tracz was qualified to present expert testimony as Daisy Mae's dog handler and with respect to his handling of her on November 13, 2002.

Under the Federal Rules of Evidence, expert testimony is admissible if offered by "a witness qualified as an expert by knowledge, skill, experience, training, or education" and "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. The Seventh Circuit has recognized that "Rule 702 specifically contemplates the admission of testimony by experts whose knowledge is based on experience." *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000) (internal citations omitted); *see also* Advisory Comm. Notes to Rule 702. "In certain fields, experience is the

predominant, if not sole, basis for a great deal of reliable expert testimony." *United States v. Conn*, 297 F.3d 548, 556 (7th Cir. 2002) (quoting Advisory Committee Notes to Rule 702).

If the witness' testimony is based entirely or in large part on experience, then the witness must explain how that experience leads to his or her conclusion, why it is a sufficient basis for the conclusion, and how it is reliably applied to the facts. Advisory Comm. Notes to Rule 702. This Court held a substantial evidentiary hearing on the question of Chief Tracz's testimony and determined that he was qualified to testify as an expert on the behavior of his trained bloodhound, Daisy Mae. Defendant offers no argument now to persuade the Court that its ruling was erroneous.

### c. Denial of Motion for Mistrial Based on Witness Testimony

Finally, Defendant contends that this Court erred in denying his motion for a mistrial made during the testimony of Defendant's ex-wife, Mary Sopata. Defendant contends that "[a]t the government's direction, Ms. Sopata testified directly in violation of the court's motion in limine [ruling] and FRE [*sic*] 404(b)." (Def.'s Mot. at 2.) The government contends that it did not anticipate Ms. Sopata's testimony because it contradicted what she had told the government during pre-trial preparation. Moreover, the government contends that Ms. Sopata's testimony was referenced in an FBI 302 form which had been provided to Defendant during discovery, and that, in any event, the testimony did not constitute evidence regarding "similar acts" under Rule 404(b).

While on the stand, Ms. Sopata testified that Mr. Renken once used the .22 Ruger revolver originally purchased by his mother to scare a deer. The defendant moved for a mistrial.

The Court denied that motion but struck the witness' testimony from the record and instructed the jury to disregard it.

Even if the Court had erred in denying the motion for a mistrial, a new trial would only be granted if the error was not harmless. *United States v. Mayes*, 370 F.3d 703, 709 (7th Cir. 2004). Evaluating whether an error is harmless requires consideration of the importance of the testimony, the cumulative effect of the evidence, whether there was other evidence to corroborate the witness, and the strength of the government's case. *United States v. Hernandez-Rivas*, 348 F.3d 595, 600 (7th Cir. 2003). In this case, the government introduced documentary evidence that the defendant's mother owned the gun that was found in the woods near the bank. Eyewitness testimony established that a reasonable finder of fact could determine that this gun matched the gun used during the robbery. In addition, Ms. Sopata's entire testimony constituted only a brief segment of the evidentiary portion of the trial. The parties did not highlight the contested portion of her testimony. The Seventh Circuit has held that mistrial is not warranted where the erroneous testimony was brief, was not emphasized, and where there was substantial other evidence of defendant's guilt. *United States v. Mayes*, 370 F.3d 703, 709 (7th Cir. 2004). Defendant in the instant case provides no reason why this Court should disturb its denial of his mistrial motion.

Defendant's motion for a new trial is denied.

## Conclusion

For the foregoing reasons, Defendant's motion for judgment of acquittal or, in the alternative, a new trial is denied.

Enter:

David H. Coar
United States District Judge

Dated: **April 19, 2005**